NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 31 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS FLORES-VASQUEZ,<br><br>    Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>    Respondent. | No. 20-73447<br><br>Agency No. A208-080-952<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 9, 2022
Portland, Oregon

Before: BUMATAY and SANCHEZ, Circuit Judges, and BAKER,** International Trade Judge.

  Jose Luis Flores-Vasquez ("Flores-Vasquez"), a native and citizen of

Mexico, appeals the Board of Immigration Appeals' ("BIA") decision affirming

the Immigration Judge's ("IJ") order denying his application for cancellation of

---

  *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **   The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

removal, asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny these portions of the petition.[1]

1.      Flores-Vasquez contends that the IJ lacked subject-matter jurisdiction because the notice to appear did not contain the time and date of his removal hearing. This argument is foreclosed by *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1192–93 (9th Cir. 2022) (en banc).

2.      Flores-Vasquez filed his asylum application 18 years after his last arrival in the United States. Substantial evidence supports the agency's determination that he did not establish an exception to the 1-year filing deadline. The changed and extraordinary circumstances he points to—criminals extorting his mother and worsening country conditions—occurred years before he filed his asylum application. Ignorance of the law is not an excuse under the changed or extraordinary circumstances exceptions. *See Alquijay v. Garland*, 40 F.4th 1099, 1103–04 (9th Cir. 2022).

3.      Substantial evidence supports the agency's denial of Flores-Vasquez's application for withholding of removal. His testimony reflects "[r]andom, isolated criminal acts perpetrated by anonymous thieves" against him and his family, which

---

[1] We address the cancellation of removal and voluntary departure findings in a separate published opinion filed concurrently with this memorandum disposition.

do not compel a finding of persecution. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004). Nor is there any record evidence that he or members of his family were harmed or would be harmed based on any political opinion, his status as a "returning Americanized Mexican to Mexico," or his family membership.

4. Substantial evidence supports the agency's rejection of Flores-Vasquez's CAT claim. Because the record supports a finding that the "random, isolated criminal acts" do not amount to past persecution, it also supports a finding that these same incidents do not constitute past torture. *See Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018). Flores-Vasquez's additional evidence of general "violence and crime in Mexico is not particular to [him] and is insufficient" to merit protection under CAT. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

5. "To prevail on a due process challenge to deportation proceedings, [Flores-Vasquez] must show error and substantial prejudice." *Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir. 2000). Flores-Vasquez fails to demonstrate that the agency violated his due process rights when it based adverse credibility findings on inconsistencies within his testimony and between his affidavit and testimony. Flores-Vasquez was given the opportunity to explain these inconsistencies. In any event, he cannot demonstrate prejudice because the agency found that "[e]ven assuming the respondent credible," he failed to establish his eligibility for asylum,

withholding of removal, or protection under CAT on the merits.

Nor did the agency violate his due process rights when it deemed an article by Dr. Thomas Boerman an "educated opinion" rather than an "expert opinion." Dr. Boerman was not presented as a witness, was not subject to cross examination, did not meet Flores-Vasquez, and did not provide a curriculum vitae. *See Matter of J-G-T-*, 28 I. & N. Dec. 97, 102 (BIA 2020) (noting immigration judges have broad discretion when admitting and considering evidence).

Finally, the agency did not violate due process by denying Flores-Vasquez's request to allow his mother to testify telephonically. He argues that her testimony would corroborate his testimony and help his credibility. Because the agency found that Flores-Vasquez was not eligible for withholding of removal even if it accepted his version of events, he fails to establish how he was prejudiced by the exclusion of corroborating testimony. *See Pagayon v. Holder*, 675 F.3d 1182, 1192 (9th Cir. 2011) (per curiam) (finding no prejudice from exclusion of corroborating evidence where the IJ accepted petitioner's version of events).

Accordingly, the petition for review of the agency's denial of Flores-Vasquez's application for asylum, withholding of removal, and protection under CAT is **DENIED.**

4